IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Glenda R. Couram, | ) | C/A No. 3:11-3200-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Lula N. Davis; Shirley Rivers; Constance Rhett, *a/k/a Connie*; Marcia Adams, *former director or current director of SCDMV*; Dottie Blankenship; Tosha Autry; and SC Department of Motor Vehicles, *in their official and individual capacities*, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on the renewed efforts of the plaintiff, Glenda R. Couram ("Couram"), to obtain relief against her employer, the South Carolina Department of Motor Vehicles ("SCDMV"), and some of its employees. Having unsuccessfully pursued her federal claims in this court (see C/A No. 3:10-01-MBS) and after withdrawing her appeal to the Fourth Circuit, she filed a new action in state court. The defendants removed it. This matter is before the court on Couram's motion to remand, amended motion to remand, motion to amend her complaint, and motion for default judgment.[1] (ECF Nos. 12, 13, 17, & 29.)

**BACKGROUND**

By way of background, Couram's previous lawsuit alleged age discrimination, which the court interpreted as a claim pursuant to the Age Discrimination in Employment Act. Additionally,

---

[1] The parties have filed sundry memoranda in support of their positions. (See ECF Nos. 15, 16, 19, 20, 25, 26, & 31.)

her pleadings referenced Title VII of the Civil Rights Act, the Equal Pay Act, and state law claims for conspiracy and intentional infliction of emotional distress (also commonly referred to as the tort of outrage). By order filed March 10, 2011, the late Honorable Matthew J. Perry, Jr., Senior United States District Judge, granted summary judgment to the defendants on Couram's claims based on federal law and dismissed without prejudice Couram's state law claims pursuant to 28 U.S.C. § 1367(c).

Rather than filing only her state law claims for civil conspiracy and outrage in state court as Judge Perry's order would have permitted her to do, Couram re-alleged federal claims in her state court complaint in addition to state law causes of action. (See, e.g., Compl. at ¶¶ 1-3, 61-63, 70-84, ECF No. 1-1 at 3-4, 11, 13-15.) The defendants removed the case. The court thus now finds before it many of the same claims presented in CA No. 10-01.

## DISCUSSION

**A.     Motion to Remand**

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal



question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

Substantive issues regarding the merits of a claim should generally not be decided in determining the propriety of removal. 14B Charles Alan Wright et al., Federal Practice & Procedure § 3721 at 58 (4th ed. 2009). Thus, whether the defendants have a meritorious defense to a plaintiff's federal claims is not a consideration in determining whether the case must be remanded. See Holt v. Tonawanda Coke Corp., 802 F. Supp. 866, 868 (W.D.N.Y. 1991). "A motion to remand . . . decides only the question of whether there is a proper basis for federal jurisdiction to support removal, and neither reaches nor determines the merits of a plaintiff's claims or a defendant's defenses or counterclaims." Id.

**B.      Couram's Arguments**

Couram appears to present two main categories of arguments in support of her motion to remand. The first rely on the removal statutes. For example, she contends that the procedural device of removal is not available to the defendants because she is raising a workers' compensation claim. (See, e.g., Pl.'s Mem. Supp. Mot. for Remand, ECF No. 13-1 at 4; Pl.'s Mem. Supp. Am. Mot. for Remand, ECF No. 17-1 at 1, 8; Pl.'s Reply Mem. Supp. Mot. for Remand, ECF No. 26 at 8.) Couram correctly asserts that suits arising under a state's workers compensation law are not removable. 28 U.S.C. § 1445(c); 14C Charles Alan Wright et al., Federal Practice & Procedure

§ 3728 at 389 (4th ed. 2009). However, although she references the South Carolina Workers' Compensation Act in her both her Complaint and Proposed Amended Complaint, she appears to do so only to deny its applicability, not to invoke it as the basis for her claim. The allegations she pleads make it clear that her claims do not arise under the state Workers' Compensation Act, but instead arise under state common law. See, e.g, Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121, 127-8 (4th Cir. 1995) (common law intentional injury claim does not "arise" under state workers' compensation laws). To the extent she references the Act, she appears merely to anticipate a defense to her outrage claim under state tort law; thus, she may not rely on the Act as a procedural ground to contest a proper removal. See Gully v. First Nat. Bank, 299 U.S. 109 (1936) (resolution of jurisdiction question rests on claims, and not anticipated defenses). Accordingly, since her claim as pled does not arise under the South Carolina Workers' Compensation Act, § 1445(c) does not preclude removal in this case.[2]

Next, Couram argues that the court lacks jurisdiction over this matter because her Complaint raises only state law claims against the defendants. However, based on the record before the court, this is far from clear. While asserting that she "placed a disclaimer" in her initial complaint that "clearly alerted the Defendants that [Couram] was not making any claims that would place this

---

[2] Although Couram asserts in support of her motion to remand that the defendants' removal failed to comply with various other procedural requirements in the removal statutes, this contention is without merit for the reasons presented by the defendants. (See Defs.' Opp'n Pl.'s Mot. Remand at 4-7, ECF No. 15 at 4-7.) Additionally, Couram has moved for a default judgment based on the defendants' failure to answer her proposed amended complaint, as she now contends, apparently correctly, that she could amend as of right rather than seeking leave of court. Regardless of whether Couram needed leave to amend her complaint, the record shows that a default judgment is not appropriate here, since the defendants have filed opposition to her motion to amend. See Fed. R. Civ. P. 55 (discussing default when a defendant has "failed to plead *or otherwise defend*") (emphasis added). Accordingly, Couram's motion for a default judgment should be denied. (ECF No. 29.)

PJG

complaint in the jurisdiction of the Federal Court," she nonetheless persists—even in her proposed amended complaint—in invoking federal statutes and the United States Constitution with regard to her claims. (See Proposed Am. Compl. ¶¶ 6, 9, 62, 82, ECF No. 12-1 at 3, 4, 13, 16; Pl.'s Motion for Remand at ¶ 7, ECF No. 13 at 2.) Although she contends that she merely references federal statutes as providing the standard for the analogous state statutory claims that she is asserting, portions of her proposed Amended Complaint, as well as her memoranda, contrarily indicate that she is pursuing claims actually arising under federal law. (See Proposed Am. Compl. ¶¶ 6, 9, 62, 82 & n.11, ECF No. 12-1 at 3, 4, 13, 16; see e.g. Pl.'s Mot. to Remand, ECF No. 13 at 3-5; Pl.'s Reply Mem. Supp. Mot. for Remand, ECF No. 26 at 10-13.) Moreover, in arguing for remand she asserts that state courts have concurrent jurisdiction with regard to her federal claims, suggesting that some federal claims are raised in her pleadings. In any event, the fact that the state court has concurrent jurisdiction over such claims does not preclude removal of the instant case. See 14B Wright et al., supra § 3721 at 20; 14C Wright et al., supra § 3728 at 368 ("Concurrent subject-matter jurisdiction, shared by state and federal courts, does not imply that removal is prohibited."). Finally, even if she were attempting, post-removal, to excise any federal claim from her Complaint, many courts and scholars have concluded that a plaintiff cannot force a remand to state court by waiving her federal claims. See, e.g., Williams-Ward v. Lorenzo Pitts, Inc., 908 F. Supp. 48 (D. Mass. 1995); 14B Wright et al., supra § 3721 at 63-66 ("[A] plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims.").

Of course, should Couram's federal claims be dismissed for any reason, the court may exercise its *discretion* to decline to exercise supplemental jurisdiction over Couram's state law claims, as Judge Perry did in CA No. 10-01, and remand the case to state court under 28 U.S.C.

§ 1367(c). See § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (discussing court's discretion and balancing factors in decision whether to exercise pendent jurisdiction after removal). In fact, Couram appears to seek such a discretionary remand as an alternative basis for her motion. Moreover, Couram has repeatedly expressed an intent to proceed only with her state law claims, despite her apparent continued inclusion of claims arising under federal law in her pleadings. Accordingly, the court recommends that, should Couram unequivocally remove any federal claims from her pleadings via an appropriate filing within the period for filing objections to this Report and Recommendation, the court exercise its discretion to remand the state law claims pursuant to 28 U.S.C. § 1367(c).

## RECOMMENDATION

The defendants appear to have properly removed this action because, despite her expressed intent to the contrary, Couram has asserted claims arising under federal law. Thus, the case should not be remanded for lack of subject matter jurisdiction. Nonetheless, Couram's request for a discretionary remand pursuant to 28 U.S.C. § 1367(c) should be granted if her federal claims are dismissed. The court further recommends that Couram's motion for default be denied and all other pending motions be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 14, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).