IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Glenda R. Couram, ) | |
| ) | C/A No. 3:11-3200-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Lula N. Davis; Shirley Rivers; Constance ) | |
| Rhett; Marcia Adams, former director or ) | |
| current director of SCDMV; Dottie ) | |
| Blankenship; Tosha Autry; SC Department ) | |
| of Motor Vehicles, in their official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On October 25, 2011, Glenda Couram ("Plaintiff") filed an action in the Court of Common Pleas for Richland County, South Carolina. ECF No. 1-1. Plaintiff, an employee of the South Carolina Department of Motor Vehicles ("SCDMV"), asserted numerous causes of action under federal and South Carolina law based on alleged mistreatment by Defendants, who are her superiors and co-workers. On November 22, 2011, Defendants removed the case to this court. ECF No. 1. Plaintiff filed a motion to amend her complaint and a motion to remand on December 9, 2011. ECF No. 12 & 13. Plaintiff filed an amended motion to remand on December 16, 2011. ECF No. 17. Defendants filed a motion for a status conference on January 9, 2012. ECF No. 23. Plaintiff filed a motion for default judgment against all Defendants on February 28, 2012. ECF No. 29.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On March 14, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended

that Plaintiff's motions to remand and Plaintiff's motion for default judgment be denied. ECF No. 34. However, the Magistrate Judge recommended that Plaintiff's request for a discretionary remand pursuant to 28 U.S.C. § 1367 be conditionally granted. The Magistrate Judge recommended that the case be remanded "should [Plaintiff] unequivocally remove any federal claims from her pleadings via an appropriate filing within the period for filing objections to th[e] Report and Recommendation." *Id.* at 6. The Magistrate Judge also recommended that Defendants' motion for a status conference and Plaintiff's motion to amend her complaint be denied as moot. Plaintiff filed objections to the Report and Recommendation on March 30, 2012. ECF No. 38. Defendants filed a response on April 5, 2012. ECF No. 39.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* This court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

## DISCUSSION

### I.     Plaintiff's Motions to Remand

The Magistrate Judge found that Defendants had properly removed this case "because, despite [Plaintiff's] expressed intent to the contrary, [she] has asserted claims arising under federal law." ECF No. 34 at 6. In Plaintiff's objections, she argues that "[s]imply establishing that federal jurisdiction would have been proper had a plaintiff decided to file in Federal court is

not enough to support removal to federal court over the objection of a plaintiff." ECF No. 38 at 5. Contrary to Plaintiff's argument, this is precisely what must be established to support removal. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed." 28 U.S.C. § 1441(a). Plaintiff's arguments and objections, which have been thoroughly addressed by the Magistrate Judge, all miss the essential point – if the complaint contains even a single claim arising under federal law, removal is proper. Plaintiff's complaint, at a minimum, states causes of action arising under 42 U.S.C. § 2000e-3(a), 42 U.S.C. § 1983, and the First and Fourteenth Amendments of the U.S. Constitution.

Plaintiff also argues that this case is nonremovable because it is "[a] civil action in a[] State court arising under the workmen's compensation laws of such state." 28 U.S.C. § 1445(c). In fact, Plaintiff's complaint states a claim for intentional infliction of emotional distress under the "intentional injury exception to the workers' compensation exclusivity." ECF No. 1-1 at 19. Plaintiff's claim arises under South Carolina tort law, and her complaint mentions the South Carolina Workers' Compensation Act only to emphasize that it does not bar the claim.[1] Plaintiff's objections are without merit, and the court adopts the Magistrate Judge's recommendation to deny Plaintiff's motions to remand.

---

[1] The court notes that Plaintiff's original complaint asserts that "the Workers' Compensation Act is not the exclusive remedy to intentional acts against an employee's non work related injury." ECF No. 1-1 at 19. However, Plaintiff's proposed amended complaint asserts that "the Workers' Compensation Act *is* the exclusive remedy to intentional acts against an employee's non work related injury." ECF No. 38-1 at 18 (emphasis added). Despite this puzzling reversal, Plaintiff's proposed amended complaint nonetheless clearly states a tort claim for infliction of emotional distress, which does not arise under the Workers' Compensation Act.

3

## II.     Plaintiff's Proposed Amended Complaint

As noted above, the Magistrate Judge recommended that this case be remanded should Plaintiff amend her complaint to unequivocally remove all federal claims. Plaintiff submitted a proposed amended complaint as an attachment to her objections. However, despite a footnote disclaiming "any cause of action arising: under the US Constitution, treaties, or other laws of the United States," Plaintiff has explicitly stated causes of action arising under federal law. ECF No. 38-1 at 1. Although Plaintiff's first cause of action is described as being "Stated Under SC Discrimination Laws," Plaintiff alleges that Defendants "violated § 704(a) [of Title VII of the 1964 Civil Rights Act] in retaliating against [her]." *Id.* at 12-13. Plaintiff's fourth cause of action is based on a "[h]ostile work environment in violation of 42 U.S.C. § 2000e(b)." *Id.* at 15. Finally, Plaintiff's fifth cause of action is a "§ 1983- Civil action for deprivation of rights." *Id.* Regardless of Plaintiff's subjective intent, she has in fact stated federal claims in her proposed amended complaint. For this reason, there is no basis to remand the action.

## III.    Plaintiff's Motion for Default Judgment

Plaintiff seeks default judgment on the ground that Defendants filed an untimely answer. Rule 81(c)(2) of the Federal Rules of Civil Procedure states that:

> A defendant who did not answer [the complaint] before removal must answer or present other defenses or objections . . . within the longest of these periods:
>
> (A) 21 days after receiving–through service or otherwise–a copy of the initial pleading stating the claim for relief;
>
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 7 days after the notice of removal is filed.

Defendants filed the notice of removal on November 22, 2011, and filed an answer on November

4

29, 2011.  Because the answer was filed within seven days of the notice of removal, it was timely.

Plaintiff also argues that she filed a first amended complaint on December 9, 2011, and that Defendants still have not filed an answer.  In fact, Plaintiff filed a motion for leave to amend her complaint on December 9, 2011.  In their response, Defendants noted that under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff could amend her pleading "as a matter of course" within twenty-one days of the filing of Defendants' answer.  ECF No. 16.  Defendants did not object to Plaintiff's request to amend her complaint, but requested "that they receive no fewer than fourteen (14) days after service of the amended pleading to file another responsive pleading."  *Id.*  Even though Plaintiff apparently could have amended her complaint by right on December 9, 2011, she filed a motion requesting leave to amend rather than an amended complaint.  Because this motion has not been granted and no amended complaint has been filed, Defendants were not required to file an answer.  Furthermore, even assuming that Plaintiff's filing of this motion could be treated as the filing of an actual amended complaint, default judgment would not be appropriate because Defendants have not "failed to . . . otherwise defend" the action.  Fed. R. Civ. P. 55(a).  Plaintiff's objections are without merit, and the court adopts the Magistrate Judge's recommendation to deny Plaintiff's motion for default judgment.

## **CONCLUSION**

After a *de novo* review of the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.  Plaintiff's motions to remand and Plaintiff's motion for default judgment are denied.  Furthermore, because Plaintiff has filed a more recent proposed amended complaint, Plaintiff's initial motion to amend her complaint is

denied as moot. Finally, Defendants' motion for a status conference is denied as moot. The case is recommitted to the Magistrate Judge for further pretrial proceedings.

      **IT IS SO ORDERED**.

s/ Margaret B. Seymour  
Margaret B. Seymour  
Chief United States District Judge

Columbia, South Carolina

June 26, 2012.